**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: **Larry Joseph Barrow, Sr. and Joyce Louise Johnson Barrow** | Case No. 12-10001, Section "A" |
| | **Motion for an Order Deeming Mortgage Lien as an Unsecured Claim Pursuant to 11 U.S.C. §§ 506 and 1322 and Objection to Proof of Claim** |
| Debtors | Chapter 13 |

Now into court, through undersigned counsel, come debtors Larry Joseph Barrow, Sr. and Joyce Louise Johnson Barrow who respectfully represent the following:

1.

Debtors filed a voluntary petition for Chapter 13 Bankruptcy relief on January 1, 2012.

2.

Debtors own real property located at 223 Willowdale Drive, Gray, Louisiana 70359 ("Property").

3.

The appraisal performed on the property described above is attached as Exhibit "A," showing the current market value to be $52,500.00.

4.

CitiMortgage, Inc. holds a first mortgage on the Property with a balance in the amount of $88,103.71.   See Proof of Claim 11 attached as "Exhibit B."

5.

Community Bank holds a second mortgage on the Property with a balance in the amount of $36,809.53.   See Proof of Claim 7 attached as "Exhibit C."

6.

In accordance with 11 U.S.C. § 506(a), the value of the Property is such that the Second Mortgage in favor of Community Bank is wholly unsecured.

7.

Under the plain language of 11 U.S.C. § 1322(b)(2), the Second Mortgage in favor of Community Bank is not an allowed secured claim and is subject to cram down.  *In Re Bartee,* 212 F.3d. 377 (5th Cir. 2000).

8.

In accordance with 11 U.S.C. § 506(a), the Second Mortgage held by Community Bank is not secured but is a wholly unsecured mortgage.

9.

Based on the valuation of the Property and in accordance with 11 U.S.C. § 506(a), the junior lien held by Community Bank is unsupported by any value in the Property after satisfaction of the First Mortgage.

10.

Debtors Chapter 13 plan was confirmed on July 9, 2012.   In their plan, debtors sought to have the lien of Community Bank stripped.   Although Community Bank filed an objection to confirmation on April 5, 2012 (P. 29), it withdrew that objection on June 25, 2012 (P. 43). Community Bank was given the opportunity to obtain an appraisal of the real property described in Paragraph 2.  On June 8, 2012, counsel for Community Bank sent an email to counsel for debtors

indicating Community Bank had no objection to its treatment in debtors' Chapter Plan.     See

Exhibit "D."

11.

Debors aver that the Second Mortgage in favor of Community Bank should be treated as an

unsecured claim, the Second Mortgage lien shall be deemed satisfied and a Satisfaction of Mortgage

shall be filed by Community Bank upon discharge.

12.

Debtors further object to the proof of claim filed by Community Bank (P. 7)  as it seeks to

be paid as a secured creditor.   For the reasons stated above, Community Bank should be classified

as an unsecured creditor and its proof of claim modified to reflect it is being paid as an unsecured

creditor.

Wherefore, Debtors Larry Joseph Barrow, Sr. and Joyce Louise Johnson Barrow respectfully

pray that this court issue an order reclassifying and deeming the Second Mortgage lien of

Community Bank as an wholly unsecured claim pursuant to 11 U.S.C. § 506(a) and that the court

grant all other legal and equitable relief it deems necessary and proper.

Respectfully submitted:

**THE LOUQUE LAW FIRM, L.L.C.**

/s/ Robert M. Louque, Jr.
Robert M. Louque, Jr.
700 Camp Street
Suite 212
New Orleans, Louisiana 70130
Telephone:  (504) 324-2807
Facsimile:  (504) 265-9328
Email:  robert@louquelaw.com
Attorney for Debtors Larry and Joyce Barrow